IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL CANNON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-1025 |
| | § | |
| GOLDEN TRUCKING, LLC AND JOHN DOE | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

**COMES NOW** Defendant, GOLDEN TRUCKING, LLC, and hereby petitions this Court pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Western District of Texas, Austin Division, of the action numbered and styled *Carl Cannon v. Golden Trucking, LLC and John Doe*; Cause No. D-1-GN-21-004933; In the 201st Judicial District Court, Travis County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1.  Service on Defendant Golden Trucking, LLC was requested through the Chairman of the Texas Transportation Commission. Defendant Golden Trucking, LLC was therefore served with Plaintiffs' Original Petition (the "Petition") in the State Court Case on October 22, 2021.[1].

---

[1] "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for the purpose of beginning the thirty-day removal period." *Monterrey Mushrooms, Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex. 1988) (citing *Kurtz v. Harris,* 245 F. Supp. 752, 754 (S.D.Tex.1965)). Rather, the removal period begins when the defendant actually receives service. *Id.; see also Microtune, Inc. v. Big Shine Worldwide, Inc.,* No. 3:03–CV–726–K,

The thirty-day removal period for Defendant Golden Trucking, LLC to remove this matter to federal court, began to run on either the date he received Plaintiffs' Petition or the date the Original Answer was filed in the State Court Case. *See Monterrey Mushrooms, Inc.,* 14 F. Supp. 2d at 991.

2.  This Notice of Removal is being filed within thirty (30) days of service of the Petition and is timely filed section 1446(b) of the United States Code. 28 U.S.C. § 1446(b). Defendants seek to remove the matter and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

3.  The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. A party is considered a citizen of the state where the person is domiciled– that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *Friedrich v. Davis*, 767 F.3d 374, 377 (3rd Circ.2014); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir.2003). For a limited-liability company, its citizenship is determined by the citizenship of each of its members. *Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905-06 (10th Cir.2015). Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists, and the case is removable.

4.  Plaintiff Carl Cannon resided in the State of Texas at the time this action was filed. (*Pl. Orig. Pet.,* ¶ 5). Consequently, Plaintiff Carl Cannon was at the time this action was commenced, and is currently, a citizen of the State of Texas.

---

2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004) (service on the Secretary of State is not sufficient to commence the time period for removal)." *See American Film & Printing, Ltd. V. Cowart Mulch Prods, Inc*., 2015 WL 5836599, at *2 (N.D. Tex. July 16, 2015).

5.      Defendant Golden Trucking, LLC, is a limited liability company organized under the laws of the State of Minnesota, having its principal place of business is in the State of Minnesota. Its business address is 8700 W 36th St. Suite 128 Minneapolis, MN 55426.  Defendant Golden Trucking, LLC, has no parent corporation, and is a limited liability company with its sole officer, director and member of the company, who is a citizen of Minnesota. Consequently, Defendant Golden Trucking, LLC, was at the time this action was commenced, and is currently, a citizen of the State of Minnesota and no other state.

6.      Defendant John Doe is an individual whose identity is not known at this time and therefore no service has been effectuated upon John Doe. Plaintiff alleges John Doe was in the course and scope of his employment with Defendant Golden Trucking, LLC.  Consequently, John Doe cannot be a basis for defeating diversity of citizenship in this action.

### III.
### AMOUNT IN CONTROVERSY

7.      In addition to complete diversity of citizenship, Plaintiff's Complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Once a defendant satisfies its burden, any

plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

8. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00 based on the initial pleadings and allegations made. The Petition alleges damages and seeks "monetary relief in excess of $1,000,000.00." (*Pl. Orig. Pet.,* ¶ 1). Further, the Petition states that "Plaintiff suffered personal injuries, has incurred medical expenses, pain and suffering and mental anguish and impairment." (*Pl. Orig. Pet.*, ¶ 11). As a result of the incident, Plaintiff makes a claim for damages to include expenses for medical care and treatment, pain and suffering, mental pain and anguish, impairment, and property damage. (*Pl. Orig. Pet.*, ¶¶ 14).

9. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

10. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level Three Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (*Pl. Orig. Pet.*, ¶ 1). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action.

11. Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As pled, the amount in controversy in this case is in excess of $1,000,000.00. (*Pl. Orig. Pet.,* ¶ 1).

## IV.
## PROCEDURAL REQUIREMENTS

12. Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendant are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

13. By virtue of filing this Notice of Removal, the Removing Defendant does not waive its rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

14. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet, and copies of all pleadings, answers, and process and orders served on the Removing Defendant. 28 U.S.C. § 1446(a).

15. Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

16. Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the Court Clerk of the 201st Judicial District Court, Travis County, Texas promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Golden Trucking, LLC, pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 201st Judicial District Court of Travis County, Texas to this Court, on this the 12th day of November, 2021.

Respectfully submitted,

By:  /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6000 (Telephone)
(214) 749-6100 (Facsimile)

**COUNSEL FOR DEFENDANT
GOLDEN TRUCKING, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of November, 2021 a true and correct copy of the foregoing document was forwarded via U.S. Mail to all counsel of record:

J. Luke Dow
Sean B. Swords
WEHNHOLZ | DOW P.C.
9433 Bee Caves Road Ste. 1-200
Austin, Texas 78733
*Counsel for Plaintiffs*

/s/ *David L. Sargent*
**DAVID L. SARGENT**